IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JESSE A. V. HEATH, JR.                                        PLAINTIFF
ADC #119387

v.                    No. 5:17-cv-209-DPM-JTK

HORAN, Doctor, Cummins Unit; and
LASONYA GRISWOLD, APN, Cummins Unit           DEFENDANTS

ORDER

On *de novo* review, the Court adopts Magistrate Judge Kearney's supplemented recommendation, № 43 & № 56, and overrules the parties' objections, № 44–45 & 59. FED. R. CIV. P. 72(b)(3). A timeline laying out what happened when is illuminating.

- 30 August 2015      Heath hurt his foot at work.

- 28 March 2016       Heath underwent surgery, and a screw was placed in his foot.

- 5 October 2016      An x-ray of Heath's foot showed that the screw was broken. Later that month, an outside orthopedic consultation was approved and scheduled for late December.

- 6 December 2016     Heath saw Dr. Horan for the first time for foot pain. Heath told him about the

broken screw, and Dr. Horan saw an "obvious foreign body pressing out" from Heath's foot. Dr. Horan noted the pending orthopedic appointment.

- 27 December 2016    A scheduled x-ray procedure was canceled.

- 29 December 2016    Heath's orthopedic appointment was canceled and rescheduled for March.

- 3 January 2017    Dr. Horan saw Heath for foot pain and "suspected movement of hardware[.]" Dr. Horan noted the pending orthopedic appointment.

- 17 February 2017    Another scheduled x-ray procedure was canceled.

- 20 February 2017    Dr. Horan saw Heath again for foot pain. Dr. Horan noted the pending orthopedic appointment.

- 14 March 2017    Dr. Horan saw Heath again for foot pain "with obvious head of screw protruding subcutaneous." Dr. Horan noted the pending orthopedic appointment.

- 17 March 2017    Heath's orthopedic appointment was again canceled.

- 29 March 2017    Dr. Horan saw Heath again for foot pain. He saw that the "screw [was] protruding laterally." Dr. Horan completed a new consult request. He noted that the consult was "non emergent in nature and [could] exceed the time x 60 day if needed."

- 7 August 2017    Heath underwent surgery again.

Based on this timeline, a jury could reasonably conclude that Horan was deliberately indifferent to Heath's serious medical needs by failing to inquire about the repeatedly canceled appointments or by failing to request a more timely consultation. Further, the Court agrees with Magistrate Judge Kearney that this is not the type of case where verifying medical evidence about harm from the delay is required. *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999). The need to promptly fix a broken screw visible beneath the skin of a person's foot is obvious to a layperson. *Cf., Haase v. Starnes*, 323 Ark. 263, 268–69, 915 S.W.2d 675, 677–78 (1996).

Motion for summary judgment, № 31, partly granted and partly denied. Heath's claims against Griswold are dismissed with

prejudice. He may proceed with his deliberate indifference claim against Dr. Horan.

So Ordered.

*WPMarshall Jr.*
D. P. Marshall Jr.
United States District Judge

5 March 2019